Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/25/2018 09:06 AM CDT

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator,
v. RODNEY A. HALSTEAD, respondent.

___ N.W.2d ___

Filed May 25, 2018.    No. S-17-530.

Original action. Judgment of disbarment.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and
FUNKE, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Rodney A. Halstead, on February 15, 2018. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 25, 1991. On November 3, 2017, we suspended the respondent's license to practice law in the State of Nebraska for 1 year. *State ex rel. Counsel for Dis. v. Halstead*, 298 Neb. 149, 902 N.W.2d 701 (2017).

On February 15, 2018, the respondent filed a voluntary surrender of license to practice law, in which he stated that on May 23, 2017, formal charges were filed against him by the Counsel for Discipline alleging that he had a conflict of

- 70 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. HALSTEAD
Cite as 300 Neb. 69

interest with multiple clients when he entered into a business relationship with them without proper protections for the clients, that he converted client funds before completing any work for a client, and that he failed to refund the unearned portion of the client funds when his representation was terminated.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that the respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the allegations being made against him. The court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the

State of Nebraska, effective immediately. The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

WRIGHT, J., not participating.